OPINION
{¶ 1} Appellant Pamela Tolley [hereinafter appellant] appeals the March 26, 2002, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of appellant's minor children, Arlene and Jacquelynne Tolley to the Stark County Department of Jobs and Family Services [hereinafter SCDJFS].
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Appellant is the biological mother of Arlene and Jacquelynne Tolley. The father of these children is Arthur Tolley. This appeal raises issues only in regards to appellant, not the father.
{¶ 3} On November 1, 1995, SCDJFS filed a Complaint alleging that Winona Roberts, dob 10/19/79, Arthur Tolley, Jr., dob 5/12/82, Scott Tolley, dob 10/8/83, Arlene Tolley, dob 5/5/85, and Jacquelynne Tolley, dob 9/27/87, were abused and/or neglected children. The children were taken into the custody of SCDJFS. On November 3, 1995, a Shelter Care Hearing was conducted and the children were ordered into the legal custody of SCDJFS.
{¶ 4} On December 5, 1995, the children were found to be neglected, with the exception of Arlene, who was found to be neglected and abused. On January 31, 1996, the children were placed into long term foster care [now known as planned permanent living arrangement] with appellant's agreement. The basis for long term foster care was that "the parents of the child/ren have significant physical, mental, or psychological problems and are unable to care [sic] the child/ren, adoption is not in the best interest of the child/ren and the child/ren retain a significant and positive relationship with a parent or relative." Judgment Entry, Disposition Hearing, January 31, 1996. The trial court further found that reasonable efforts had been made to prevent the need for placement and/or to make it possible for the children to return home. Id.
{¶ 5} Winona, Arthur and Scott remained in long term foster care/planned permanent living arrangement [hereinafter PPLA] until they aged out of the system. This appeal concerns only Arlene and Jacquelynne Tolley [hereinafter the children].
{¶ 6} Over the next several years, a case plan was developed and amended as necessary and a series of hearings and reviews were conducted. On December 12, 2001, the childrens' Guardian Ad Litem filed a Motion for Immediate Review. The Guardian Ad Litem stated that, in her opinion, matters had substantially changed since the issue of permanent custody had last been reviewed and that compelling reasons not to file a permanent custody motion no longer existed. A hearing was held on the Motion for Immediate Review on December 21, 2001. At that hearing, appellant objected to SCDJFS filing for permanent custody. However, according to the Magistrate's Order, SCDJFS was to file for permanent custody regarding Arlene and Jacquelynne within 30 days. Thereafter, on January 9, 2002, SCDJFS filed a Motion for Permanent Custody. In the Motion, SCDJFS alleged that the children had been abandoned, that the children had been in the temporary custody of SCDJFS for 12 or more months of a consecutive 22 month period and the children cannot and should not be placed with either parent within a reasonable time.
{¶ 7} A hearing on the Motion for Permanent Custody was held on March 5, 2002. By Judgment Entry filed March 26, 2002, the trial court granted permanent custody of Arlene and Jacquelynne Tolley to SCDJFS.
{¶ 8} It is from the grant of permanent custody to SCDJFS that appellant appeals, raising the following assignments of error:
 {¶ 9} I. "THE FINDINGS OF THE TRIAL COURT ARE CONTRARY TO LAW."
 {¶ 10} II. "THE TRIAL COURT ERRED IN FINDING PERMANENT CUSTODY TO BE IN THE CHILDREN'S BEST INTEREST IN THE ABSENCE OF CREDIBLE EVIDENCE."
 I
{¶ 11} In the first assignment of error, appellant contends that the findings of the trial court are contrary to law. Specifically, appellant argues that the trial court's findings are contradictory and not supported by the evidence. We disagree.
{¶ 12} Revised Code 2151.414(B)(1) states the following in applicable part:
 {¶ 13} Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 14} (a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
{¶ 15} (b) The child is abandoned.
. . .
 {¶ 16} (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 17} For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.
{¶ 18} In the case sub judice, the trial court issued a Judgment Entry which stated:
 {¶ 19} The Findings of Fact and Conclusions of Law which are attached are adopted and in [sic] incorporated in this entry as if fully rewritten herein. For the reasons stated in those findings and conclusions, the Court finds by clear and convincing evidence:
 {¶ 20} 1. The Court has jurisdiction over the parties and the subject matter.
 {¶ 21} 2. The father, Arthur Tolley and the mother, Pamela Tolley of Arlene Tolley and Jacquelynne Tolley have not visited, supported or cared for their children. Further, the children have been in temporary custody of the SCDJFS for twelve (12) months of a consecutive twenty-two (22) month period.
 {¶ 22} 3. It is in the best interest of Arlene Tolley, date of birth 5/5/85 and Jacquelynne Tolley, date of birth 9/27/87 that permanent custody be granted to the Stark County Department of Jobs and Family Services.
{¶ 23} In a separate document, the trial court issued findings of fact and conclusions of law which stated in part:
 {¶ 24} FINDINGS OF FACT IN RE: TERMINATION OF PARENTAL RIGHTS
 {¶ 25} 1. Arlene Tolley and Jacquelynne Tolley are neglected children defined by O.R.C. 2151.03.
 {¶ 26} 2. Arlene Tolley and Jacquelynne Tolley are abandoned pursuant to O.R.C. 2151.414(B)(1)(b) and (E). Arlene Tolley and Jacquelynne Tolley have been in the Temporary Custody of SCDJFS for twelve (12) or more months of a consecutive twenty-two (22) month period pursuant to O.R.C. 2151.414(B)(1)(d).
 {¶ 27} 3. Case Worker, Lexi Keppel, testified that neither parent has cared, visited or supported these children.
 {¶ 28} 4. Arlene Tolley and Jacquelynne Tolley cannot be placed with either parent at this time or within a reasonable time.
 {¶ 29} 5. Guardian ad Litem recommends that Permanent Custody be granted to the SCDJFS.
{¶ 30} Appellant first contends that the trial court's findings are contradictory. Early in the hearing, SCDJFS moved the trial court to find that the children were abandoned according to R.C. 2151.414(B) and to move directly to the issue of best interests of the children. The trial court took the motion under advisement and continued taking evidence. At the end of the best interest hearing, the trial court granted SCDJFS' motion. Appellant argues that when the trial court found the children to be abandoned, pursuant to R.C. 2151.414(B)(1)(b), it eliminated the possible, alternate findings under R.C. 2151.414(B). The appellant contends, therefore, that the trial court made inconsistent findings, contrary to law, when it made findings pursuant to R.C.2151.414(B)(1)(a) and (d).
{¶ 31} First, the statute states that a "court may grant permanent custody of a child to a movant if the court determines . . . that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply . . ." R.C. 2151.414(B)(1). The explicit language of the statute does not make the findings thereunder mutually exclusive.
{¶ 32} We view the trial court's findings to be stated in the alternative. Although the trial court found the children abandoned, which would be sufficient in and of itself under R.C. 2151.414(B)(1) to base a grant of permanent custody, the trial court also found that the children had been in the temporary custody of SCDJFS for twelve or more months of a consecutive twenty-two month period, pursuant to R.C.2151.414(B)(1)(d). These findings are not contradictory but are alternate grounds upon which to base the grant of permanent custody. Likewise, the trial court found that the children cannot be placed with either parent at that time or within a reasonable time, pursuant to R.C.2151.414(B)(1)(a). Thus, the trial court found grounds to grant permanent custody even if the children had not been abandoned or had not been in the temporary custody of SCDJFS for a sufficient period of time. We do not find these findings contradictory. Further, we do not find such alternate findings contrary to law.
{¶ 33} The issue becomes whether the trial court's findings are supported by the record. Appellant's arguments are essentially that the findings were against the manifest weight of the evidence. When considering manifest weight issues, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA 5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
{¶ 34} We will first address appellant's challenge to the trial court's finding that the children have been in the temporary custody of SCDJFS for twelve or more months of a twenty-two month period, pursuant to R.C. 2151.414(B)(1)(d). The children have been in Planned Permanent Living Arrangement (PPLA) status since January, 1996[1]. Appellant raises no argument regarding the calculation of the number of months involved or the time frame of the PPLA, but contends that PPLA is not temporary custody. If PPLA is not temporary custody, then the children would not have been in temporary custody a sufficient period of time.
{¶ 35} "Temporary custody means legal custody of a child who isremoved from the child's home, which custody may be terminated at anytime at the discretion of the court or, if the legal custody is granted in an agreement for temporary custody, by the person who executed the agreement." R.C. 2151.011(B)(52). (Emphasis added.) "`Planned permanent living arrangement' means an order of a juvenile court pursuant to which both of the following apply: (a) The court gives legal custody of a childto a public children services agency or a private child placing agencywithout the termination of parental rights; (b) The order permits the agency to make an appropriate placement of the child and to enter into a written agreement with a foster care provider or with another person or agency with whom the child is placed." R.C. 2151.011(B)(36). (Emphasis added.) We find that pursuant to its definition, planned permanent living arrangement is tantamount to temporary custody when considering R.C.2151.414(B)(1)(d). In both instances, a child has been removed from his or her home and legal custody has been granted to another by the trial court. The trial court, in both circumstances, may terminate the custody at its discretion. Further, in neither circumstance has the trial court terminated parental rights. Therefore, we find appellant's argument fails.
{¶ 36} As with any of the other grounds identified in R.C.2151.414(B)(1), if this or any other findings pursuant to R.C.2151.414(B)(1) is supported by the record, the trial court's finding must be affirmed, and this court could then move on to consider any issue regarding the children's best interest. However, this court will also consider appellant's arguments regarding the trial court's findings that the children could not be placed with appellant then or within a reasonable time. This finding would support a grant of permanent custody even if the children were not in the temporary custody of SCDJFS for twelve or more months of a consecutive twenty-two month period or were not abandoned. See R.C. 2151.414(B)(1)(a).
{¶ 37} Appellant contends that the trial court's finding that the children cannot be placed with appellant at this time or in a reasonable time is not supported by the evidence. Appellant submits that appellant substantially complied with her case plan.
{¶ 38} Revised Code 2151.414(E) sets out the factors relevant to determining whether a child should not be placed with either parent or cannot be placed with the parents within a reasonable time. Revised Code 2151.414(E) states as follows, in pertinent part:
 {¶ 39} In determining at a hearing held pursuant to division (A) of this section . . . whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section . . . that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 40} (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. . . .
 {¶ 41} (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child; . . .
{¶ 42} (10) The parent has abandoned the child. . . .
 {¶ 43} (14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect. . . .
{¶ 44} (16) Any other factor the court considers relevant.
{¶ 45} SCDJFS responds that although the evidence supports the trial court's finding that the children cannot be placed with appellant at this time or within a reasonable time, the statutory requirements of the PPLA status dispose of the issue. The trial court ordered that both children be placed in PPLA status. That order was not appealed. SCDJFS argues that when the trial court ordered the children into PPLA, pursuant to the statute[2], the trial court implicitly ordered that the "agency . . . shall develop a case plan for the child that is designed to assist the child in finding a permanent home outside of the home of the parents." R.C. 2151.415(C)(2)(b) (emphasis added). Therefore, SCDJFS argues that the issue of whether the children can or should be returned to the custody of the parents was litigated in 1996 and, by statutory definition, was resolved against the parents. Appellee states that any other reading of the statute would render the meaning of "permanent" in "Planned Permanent Living Arrangement" empty.
{¶ 46} However, we need not address SCDJFS's argument. Even if the issue was not decided in 1996 when the children were placed in long term foster care, now known as planned permanent living arrangement status, the record supports a finding that the children could not be placed with appellant, the mother, in a reasonable time or should not be placed with appellant.[3]
{¶ 47} The following evidence was presented at the permanent custody hearing: SCDJFS' involvement with the family began in October, 1995, due to alleged abuse and neglect. The home was extremely dirty, appellant, the mother, had left the home, there was physical abuse occurring and the home was in general disarray. In addition, there were concerns of sexual abuse. These concerns were later substantiated. The perpetrator of the sexual abuse was the childrens' older brother.
{¶ 48} Neither parent paid child support, or provided support to the children of any sort. Appellant does not work but receives a small Social Security income. SCDJFS has not been to view appellant's current home but appellant had not requested a home study. Appellant, however, has a pattern of living with several adults in a small home or trailer. At the time of the hearing, appellant was living with three or four other adults, including the childrens' older brother (now 18 years of age) who was the perpetrator of the sexual abuse.
{¶ 49} The SCDJFS caseworker assigned to the children testified that she was concerned that appellant could not meet the childrens' basic needs. Further, the caseworker testified that the concerns that caused the removal of the children had not been remedied.
{¶ 50} Although the testimony showed that appellant had completed several of the items on a previous case plan, for example, completing the Goodwill Parenting Program and submitting to psychological and Quest evaluations, the case plan had been amended. The current case plan called for appellant to contact SCDJFS to receive updates on the children. However, appellant had not contacted the agency for those updates.
{¶ 51} The testimony also showed that the children did not wish to have visitation or contact with appellant. In addition, appellant did not appear at the hearing nor had she appeared at the previous hearings regarding the children. At this hearing, appellant's counsel indicated to the trial court that appellant had been contacted and that appellant claimed she had either forgotten or was unaware of the actual date. Appellant's counsel confirmed to the trial court that appellant had been given notice of the date and time of the hearing.
{¶ 52} Based upon the foregoing evidence presented at the hearing, we find that the trial court's finding that the children could not be placed with appellant at that time or within a reasonable time was supported by the evidence and was not against the manifest weight of the evidence.
{¶ 53} Thus, because we have found that the children had been in temporary custody for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and, in the alternative, that even if the children were not in temporary custody and had not been abandoned, they could not be placed with appellant within a reasonable time or should not be placed with appellant, we need not address whether the children had been abandoned. Either of the aforementioned grounds are sufficient, pursuant to R.C. 2151.414(B)(1), to base a grant of permanent custody.
{¶ 54} Appellant's first assignment of error is overruled.
 II
{¶ 55} In the second assignment of error, appellant argues that the trial court erred when it found that permanent custody was in the best interest of the children in the absence of credible evidence. Again, appellant's argument must be characterized as an issue of manifest weight of the evidence. Therefore, this court must affirm the judgment if it was supported by some competent, credible evidence going to all the essential elements of the case. See C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
{¶ 56} Revised Code 2151.414(D) provides guidance to trial courts in determining the best interests of a child when considering the grant of permanent custody. Revised Code 2151.414(D) states the following, in relevant part:
 {¶ 57} (D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section . . ., the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 58} (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 59} (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 For the purposes of this division, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.
{¶ 60} Divisions (E)(7) to (11) of R.C. 2151.414 provide the following relevant factor: (10) The parent has abandoned the child.
{¶ 61} The trial court made the following findings of fact regarding the children's best interests:
 {¶ 62} 1. The children have no significant special needs. Arlene has had some mild seizures but they are controlled with medication.
 {¶ 63} 2. No other appropriate relatives have a positive relationship with this child.
{¶ 64} 3. The children are Caucasian females.
{¶ 65} 4. They are not bonded to either parent.
{¶ 66} 5. Both children desire to be adopted.
{¶ 67} 6. The children are adoptable children.
 {¶ 68} 7. The children stated they did not want to visit their mother.
 {¶ 69} 8. The Guardian ad Litem submitted a detailed written report to the Court. She recommends that permanent custody of the children be granted to the SCDJFS.
{¶ 70} The record shows the following evidence:
{¶ 71} Arlene is a sixteen year old female with some behavioral problems and physical problems. Arlene is currently in counseling and it was recommended by her counselor that she continue weekly counseling. Arlene takes medication for petit Mal Seizures, which controls the seizures. Jacquelynne is a fourteen year old female with no developmental or physical problems. Neither child is considered a special needs child.
{¶ 72} While the evidence demonstrated that the interaction between appellant and the children was appropriate and that the children recognized appellant as their biological mother, the social worker testified that there was no significant bonding between the children and appellant. The social worker did believe, however, the children were capable of bonding with a caregiver. There were no relatives, including adult siblings, with which the children could be placed.
{¶ 73} Further, the social worker testified that she did not believe appellant could meet the children's emotional needs for a permanent home consisting of love and nurturing. The social worker also testified that appellant had not expressed or demonstrated a commitment to provide for the children. At the time of the hearing, appellant had not requested additional services from SCDJFS and the social worker did not believe SCDJFS could provide any additional services to help reunify the children with appellant. Both children have expressed a desire to be adopted.[4]
{¶ 74} The social worker testified to her concern that returning the children to appellant would place the children's emotional wellbeing at risk. This belief was based upon the witness' observation that the children were not a priority to appellant, appellant's visitation with the children was inconsistent and at times appellant said very inappropriate things to the children at visitation. As to the children's physical wellbeing, the social worker was concerned that appellant had lived with different adults in places as small as a trailer. The older brother who had sexually molested the children was living with appellant.
{¶ 75} Lastly, the children have been in PPLA status since 1996. The social worker testified that a grant of permanent custody would open the opportunities for the children to be adopted. The social worker testified that the children would benefit if adopted.
{¶ 76} We find that the trial court's finding that the grant of permanent custody was in the children's best interests was supported by the evidence. Therefore, appellant's second assignment of error is overruled.
{¶ 77} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is hereby affirmed.
By EDWARDS, J. GWIN, J. and WISE, J. concur.
 JUDGMENT ENTRY
{¶ 78} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellant.
[1] Testimony at the hearing indicated that the children were placed in long term foster care/planned permanent living arrangement in November, 1996. However, this court's review of the record reveals that the actual date was January 31, 1996.
[2] {¶ a} (2) If the court issues an order placing a child in a planned permanent living arrangement, both of the following apply:
 {¶ b} (a) The court shall issue a finding of fact setting forth the reasons for its finding;
 {¶ c} (b) The agency may make any appropriate placement for the child and shall develop a case plan for the child that is designed to assist the child in finding a permanent home outside of the home of the parents.
R.C. 2151.415(C)(2).
[3] Appellant contends that the trial court's finding was based upon a finding of abandonment. However, we find that it is not clear from the trial court's findings that abandonment was the basis nor only basis upon which the trial court based its finding that the children could not be placed with either parent at that time or within a reasonable time. Therefore, this court will consider whether the record provides any basis upon which to find the children could not be placed with appellant at that time or within a reasonable time.
[4] The record reflects that the trial court interviewed both children in camera.